UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DTE METHANE RESOURCES, LLC,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>WILLIAMSON DEVELOPMENT CO., LLC and WILLIAMSON ENERGY, LLC,<br><br>　　　Defendants. | Case No. 08-cv-673-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court for purposes of case management. September 25, 2008 Plaintiff DTE Methane Resources, LLC filed a complaint against Defendants Williamson Development Co., LLC and Williamson Energy, LLC, attempting to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. The Court has conducted an initial review of Plaintiff's complaint, and has discovered that Plaintiff has not properly invoked the Court's diversity jurisdiction.

The Court has an independent duty to ensure that it has subject matter jurisdiction over the cases before it. *Hammes v. Aamco Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). Pursuant to the direction of the Seventh Circuit Court of Appeals, this court undertakes a more rigorous initial review of complaints to ensure that jurisdiction has been properly pled. *See, e.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992).

Here, Plaintiff has not properly pled diversity of citizenship. Federal courts have jurisdiction over a civil action between citizens of different states. *See* 28 U.S.C. § 1332. The Seventh Circuit Court of Appeals has repeatedly stated that "allegations of *residence* are

1

insufficient to establish diversity jurisdiction." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (emphasis added). Consequently, a complaint asserting diversity jurisdiction must allege citizenship, not residence. *See McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Held*, 137 F.3d at 1000 (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996)). Plaintiff only alleges the residences of the members of the limited liability companies involved in this action, not their citizenships. Therefore, Plaintiff has insufficiently established diversity jurisdiction.

Accordingly, the Court **ORDERS** that the plaintiff shall have **fifteen (15) days** from the entry of this order, in which to amend the complaint and correct these and *any other* jurisdictional defects. *See Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000). If the plaintiff fails to do so, the Court will dismiss the action for lack of subject matter jurisdiction.


**IT IS SO ORDERED.**
**DATED: September 29, 2008**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **DISTRICT JUDGE**